# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIE JAMES CLAUSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 10-0459-WS-N |
| ) | |
| SHERIFF'S DEPARTMENT OF ) | |
| MONROE COUNTY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court *sua sponte*.

On December 30, 2010, the undersigned entered a Show Cause Order (doc. 7) directing plaintiff, Willie James Clausell, to show cause why his Complaint, which he filed *pro se*, should not be dismissed without prejudice based on his failure to comply with the service of process requirements of Rule 4(m), Fed.R.Civ.P., and the instructions of the Clerk's Office concerning same. The December 30 Order explained that plaintiff's response "must, at a minimum, explain why his non-compliance with these deadlines should be excused and document his reasonable efforts to perfect service during the last four-plus months." (Doc. 7, at 2.)

On January 12, 2011, Clausell filed a two-sentence document in which he somewhat cryptically requested "more time to prepare the document." (Doc. 8.) Giving the benefit of the doubt to plaintiff in view of his *pro se* status, the undersigned construed this filing as a request for extension of the response deadline established by the Show Cause Order. On that basis, the Court entered an Order (doc. 9) enlarging that deadline through and including January 28, 2011. To ensure that plaintiff's obligations were crystal clear, that Order explained that, on or before January 28, Clausell must file with the Clerk's Office a written response explaining why his non-compliance with the Rule 4(m) service deadline should be excused and documenting his efforts to serve process on defendant. Additionally, this January 12 Order took pains to apprise Clausell that his timely response was of critical importance, stating as follows: "**Plaintiff is cautioned that failure to file a timely written response to this Order will result in the dismissal of this**

**lawsuit without prejudice.**" (Doc. 9, at 1.) A copy of the January 12 Order was mailed to Clausell at his address of record. The Court has no information and no reason to believe that plaintiff failed to receive actual notice of the January 12 Order and his accompanying obligation to file a response on or before the January 28 deadline.

Despite the very clear directive set forth in the January 12 Order, and the unequivocal, bold-type warning that his claims would be dismissed in the event of noncompliance, Clausell failed to file the required notice prior to the court-established deadline. Indeed, the court file reflects no filing activity of any kind following the January 12 Order. Additionally, the undersigned's chambers have received no communications from Clausell or anyone purporting to represent him in this matter. By all appearances, Clausell simply elected not to acknowledge or respond to the January 12 Order, despite actual notice of the adverse consequences of such an omission.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The January 12 Order was both reasonable and well-grounded in law, yet Clausell ignored it, despite having been warned of the dire consequences of doing so. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be

undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute). These factors are present in this case.

The Court specifically notified Clausell that he must file a response identifying the efforts he had undertaken to serve process on the defendant and explaining his noncompliance with Rule 4(m) of the Federal Rules of Civil Procedure. The Court likewise admonished Clausell in the plainest of terms that failure to respond in a timely manner would result in dismissal of his claims. Yet Clausell did not file a timely response. He did not file anything. He did not request an additional extension of time, although he clearly knows how to do so. He did not contact the Court or Clerk's Office to seek relief from the strict terms of the January 12 Order. This action has been pending for almost six months, without any indication that Clausell has done anything to perfect service of process on the defendant.

Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss his claims for failure to prosecute and for failure to abide by the orders of this Court. Accordingly, this action is **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P.

DONE and ORDERED this 9th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE